# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY C. KEMPER,

      Plaintiff,

v.

BRIAN PIECH, LT. JONES, JASON ALDANA, STEVEN JOHNSON, WARDEN PAUL KEMPER, and MICHAEL HAGAN,

      Defendants.

Case No. 17-CV-1123-JPS

**ORDER**

  Plaintiff, who is incarcerated at the Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). Plaintiff has paid the $400.00 filing fee for this civil action in full.

  Notwithstanding the payment of any fee, Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is simple. He is an inmate at RCI, and he sometimes orders sexually explicit reading materials. *See* (Docket #1 at 2). He is also a sex offender. *Id.* at 3–4.

Defendants, officials in various positions at the prison, have denied him access to the materials he orders because he has not yet successfully completed a prison sex offender treatment program. *Id.* at 3. But Plaintiff believes he is entitled to these materials under a settlement of the *Aiello* case in 2000, regardless of his completion of sex offender treatment. *See id.*; *Aiello v. Litscher*, 104 F. Supp. 2d 1068 (W.D. Wis. 2000). He further claims that his inmate grievances about the matter were denied without a change in policy. (Docket #1 at 3). Plaintiff contends that he is being singled out for continuing denial of these materials based on his status as a sex offender. *Id.* at 2, 4.

According to Plaintiff, there is a multi-step review process for publications that inmates receive before they are distributed. In Plaintiff's case, the first line of review is RCI chief psychologist Dr. Michael Hagan ("Hagan"). *Id.* at 3. The metrics he applies in his review of these materials

are not explained. *See id.* Next, Plaintiff states that Sgt. Brian Piech ("Piech"), the prison property sergeant, receives or reviews Hagan's determination. *Id.* Plaintiff alleges that Piech does so "without any review of compliance with [Department of Corrections ("DOC")] policies and procedures." *Id.* Similarly, Plaintiff complains that the RCI property supervisor, Lt. Jones ("Jones"), and the prison security director, Jason Aldana ("Aldana"), "refuse to review those books in accordance with the approved [chain of command ("COC")]" procedures set forth in the RCI inmate handbook. *Id.* Plaintiff does not explain the COC procedures or what these individuals' roles are within those procedures. *Id.* Finally, it appears that, according to Plaintiff, the assistant warden and the warden at RCI, Steven Johnson ("Johnson") and Paul Kemper ("Kemper"), respectively, approved of the denials as consistent with DOC policy and issued written memoranda to Plaintiff to that effect. *Id.* Plaintiff seeks solely injunctive relief against Defendants to stop denial of his publications and enforce review of incoming publications according to what he feels are the appropriate policies and procedures. *Id.* at 4.[1]

Screening Plaintiff's complaint requires two preliminary notes. First is a realistic appreciation of the nature of his claims. While Plaintiff

---

[1]Plaintiff mentions that he wants an injunction on his own behalf and for "others similarly situated." (Docket #1 at 4). However, as a prisoner proceeding *pro se*, Plaintiff is generally not permitted to serve as a class representative. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."); *Hagan v. Rogers*, 570 F.3d 146, 158–59 (3d Cir. 2009); *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Holmes v. Mich. Dep't of Corr.*, 805 F.2d 1034 (6th Cir. 1986); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). The Court will not allow him to seek relief on behalf of others in this case.

complains that certain Defendants have not been following DOC or COC policies in reviewing his publications, his claim is not that they are arbitrarily deciding not to follow such procedures with respect to his publications. Instead, it is obvious that there are special policies or procedures for review of publications received by sex offenders. Johnson's and Kemper's memoranda seem to confirm this. Plaintiff desires to be subject only to the run-of-the-mill publication review policies, and Defendants have denied him this request.

Second, because Plaintiff seeks solely injunctive relief and not damages, his suit can only proceed against Defendants in their official, not individual, capacities. Injunctive relief is not available against a state official sued in his individual capacity. *See Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005); *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002); *Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("[I]njunctive relief against a state official may be recovered only in an official capacity suit[.]"). This makes sense, as reforming or enforcing publication-review policies could only be effected by reason of Defendants' respective positions of authority within the prison administration. *See Dertz v. City of Chicago*, 912 F. Supp. 319, 327–28 (N.D. Ill. 1995); *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1988).

On this understanding, screening Plaintiff's complaint becomes much simpler. The Supreme Court teaches that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1983). Because a suit brought against an official in his official capacity is in essence a suit against the State, it becomes duplicative to name multiple officials in their official capacities. Instead, a prisoner's official-capacity

claim seeking injunctive relief is normally lodged with the warden of the institution, as this is the person in the best position to implement any injunctive relief granted. Thus, only Kemper needs to remain as a Defendant in this action, and the other Defendants will be dismissed.

With these preliminary matters addressed, the Court turns to screening Plaintiff's claims. This presents some difficulty, however, as Plaintiff only states that his case arises under Section 1983, without identifying any constitutional provision he believes Defendants have violated. *See* (Docket #1 at 4). Yet this is no bar at the screening stage, as the Court may connect the pleaded facts to appropriate legal claims. *See Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006).

In this case, Plaintiff's claims would arise, if at all, under the First Amendment, the Fourteenth Amendment Due Process Clause, or the Fourteenth Amendment Equal Protection Clause. The First Amendment generally protects a prisoner's right to read what he wants to read. In the context of prisoners' access to sexually explicit material, that right is not unfettered; it may be restricted without violating the First Amendment where such restrictions are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989). This is true even for prisoners like Plaintiff, who are sex offenders. *See Brown v. Phillips*, 801 F.3d 849, 853–54 (7th Cir. 2015). At this early stage, in the absence of allegations establishing what RCI's publication review policies are, whether and how they are different with

respect to sex offenders, and how such policies are applied, the Court is obliged to allow this claim to proceed.[2]

Next, the Court finds that Plaintiff's due process claim can proceed. The Due Process Clause of the Fourteenth Amendment provides that the government may not deprive Plaintiff of property—here, his sexually explicit literature—without due process of law. Plaintiff has alleged, and the Court must take as true, that Defendants have subjected him to more restrictive publication review than non-sex-offender inmates. As Plaintiff tells it, officers like Piech, Jones, and Aldana are doing so without authorization and outside the normal review procedures. Viewing the claim in this way would invalidate it, as Section 1983 provides no remedy for "random, unauthorized conduct" by prison officials where adequate post-deprivation remedies exist. *See Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Sample v. Schneider*, Case No. 16–CV–1523–JPS, 2017 WL 414272, at *2 (E.D. Wis. Jan. 31, 2017).

But recall that Plaintiff's actual claim appears to be that the enhanced review applied to him emanates from DOC or COC policies applicable to sex offenders, not that such review is entirely unauthorized or random. Construed in this way, those enhanced review policies could raise due

---

[2]It should be noted that it is not a violation of the Constitution for Defendants to simply fail to follow DOC or COC policies (or to follow some alternative policy, as seems to be the case here). Rather, Plaintiff's claims exist only because Defendants' conduct touches upon his constitutional rights. *See Martin v. Donaghue*, 407 F. Supp. 2d 984, 987 (N.D. Ind. 2006) ("The violation of prison policy does not state a claim under § 1983.") (citing *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)); *Williams v. Snyder*, 367 F. App'x 679, 682 (7th Cir. 2010) ("[T]he Constitution does not insist that prison policy be implemented with perfect regularity, only that deviations not be for illegitimate reasons."); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (prison procedural protections do not create protectable liberty interests).

process concerns. *See Logan v. Zimmerman Brush* Co., 455 U.S. 422, 436 (1982); *Knight v. Grossman*, Case No. 16–CV–1644–JPS, 2017 WL 168906, at *6 (E.D. Wis. Jan. 17, 2017) (noting that "the key point of *Parratt* and *Hudson* is whether the deprivation of liberty was foreseeable by the state; if so, a procedural due process claim will lie"). Plaintiff claims that he was denied receipt of his publications by Dr. Hagan and that the psychologist's decision was not subject to any review. On these allegations, the Court finds that the claim should proceed. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000); *Hill v. Shelander*, 924 F.2d 1370, 1373–74 (7th Cir. 1991). How much process Plaintiff was actually afforded, and how much he was due, is a question that discovery can answer. *See Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017) (discussing balancing test for procedural due process requirements); *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

Finally, there is Plaintiff's claim that he should not be treated differently from other inmates because he is a sex offender. Such a claim implicates the Fourteenth Amendment's Equal Protection Clause, which generally prohibits a state from drawing a distinction in treatment based on an individual's membership in a protected class—which includes race, alienage or national origin—or from infringing on a person's fundamental rights. *Vision Church v. Village of Long Grove*, 468 F.3d 975, 1000–01 (7th Cir. 2006); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). When this happens, the regulation at issue cannot stand unless it survives strict scrutiny. *Vision Church*, 468 F.3d at 1001. Otherwise, when a law does not classify based on a suspect class or invade a fundamental right, it need only be rationally related to a legitimate state interest. *Smith v. City of Chicago*, 457 F.3d 643, 650–51 (7th Cir. 2006).

Being a sex offender does not make Plaintiff part of a suspect class. *See Shaw v. Smith*, 206 F. App'x 546, 548 (7th Cir. 2006) (evaluating prison regulation of sex offenders under rational-basis review). Nevertheless, the Court can permit the claim to proceed at this stage because, at a minimum, Plaintiff alleges infringement of his First Amendment rights. *See Vision Church*, 468 F.3d at 1000. Moreover, the challenged publication review procedures would have to pass rational basis review in any event. *Id.* Thus, given the early stage of these proceedings, the Court will permit this claim to proceed.

For the reasons stated above, Plaintiff will be permitted to proceed on the following claims: (1) interference with Plaintiff's right to freedom of speech and expression arising from denial of access to sexually explicit publications, in violation of the First Amendment, against Defendant Kemper; (2) denial of procedural due process, in violation of the Fourteenth Amendment, against Defendant Kemper; and (3) denial of equal protection of law, in violation of the Fourteenth Amendment, against Defendant Kemper. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Defendants Brian Piech, Lt. Jones, Jason Aldana, Steven Johnson, and Michael Hagan be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on the remaining Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Plaintiff need not mail copies to Defendants. All Defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge