# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY C. KEMPER,

                          Plaintiff,

v.

WARDEN PAUL KEMPER,

                          Defendant.

Case No. 17-CV-1123-JPS

**ORDER**

      Plaintiff, who is incarcerated at the Racine Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated. *See* (Docket #1). The Court screened his complaint on September 19, 2017, and found that he could proceed on claims against the prison warden arising from the denial of access to certain publications. (Docket #4). In the order, the Court noted that Plaintiff's complaint related to his requests for "sexually explicit materials." *Id.* at 3. Plaintiff never used this phrase in the complaint, but the Court drew this inference because of Plaintiff's citation to *Aiello v. Litscher*, 104 F. Supp. 2d 1068 (W.D. Wis. 2000), which concerned inmates' access to sexually explicit reading material.

      After reviewing the screening order, Plaintiff filed a request for clarification thereof, asking that his claims not be limited to denial of sexually explicit publications. (Docket #5). He says instead that all publications he receives that prison officials deem "inappropriate," whether sexually explicit in nature or otherwise, are denied him. *Id.* He

asks that the Court revise its screening order or allow him to amend his complaint to clarify the nature of his claims.[1]

The Court will allow Plaintiff an opportunity to amend his complaint. He may submit an amended complaint within the time frame set forth in the Court's scheduling order, which is being issued simultaneously with this Order. The Court warns Plaintiff that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff further requests that the Court define the word "metrics," which it used in its screening order. (Docket #5 at 1); (Docket #4 at 4). In that instance, the word referred to the factors the psychologist considered to decide whether a publication should be denied to Plaintiff. For future reference, the Court cautions Plaintiff that it cannot explain its orders. He should consult a dictionary if similar questions arise later on.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for clarification of the Court's screening order (Docket #5) be and the same is hereby **GRANTED in part** as stated herein.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge