# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRY C. KEMPER, <br><br> Plaintiff, <br> v. <br><br> WARDEN PAUL KEMPER, <br><br> Defendant. | Case No. 17-CV-1123-JPS <br><br><br> **ORDER** |

Plaintiff, who is incarcerated at the Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). At the Court's suggestion, *see* (Docket #9), he has filed an amended complaint. The Court now turns to screening that complaint.

Notwithstanding the payment of any fee, Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The same standards applicable in the first screening order remain applicable here. (Docket #4 at 1–3).

Plaintiff's amended complaint is largely identical to his original complaint. The thrust of it appears to be clarifying his existing claims. Plaintiff is an inmate at RCI and is presently serving a sentence as a

registered sex offender. (Docket #11 at 2). Defendant Paul Kemper ("Kemper") is the prison warden. *Id.*

Plaintiff is being denied certain publications he orders. *Id.* The denials are made in the first instance by the prison's chief psychologist, Dr. Michael Hagan ("Hagan"). *Id.* Plaintiff complains that Hagan's review of incoming materials is not done in accordance with Wisconsin Department of Corrections ("DOC") policy or the policies of his specific institution, including the RCI inmate handbook and RCI's "chain of command" ("COC") procedures. *Id.* The DOC policies, cited in the amended complaint, permit prison officials to deny publications to inmates that are "injurious," which is defined as material that: (1) is pornography; (2) poses a threat to the security, orderly operation, discipline or safety of the institution; (3) is inconsistent with or poses a threat to the safety, treatment, or rehabilitative goals of an inmate; or (4) facilitates criminal activity. Wis. Adm. Code § DOC §§ 309.05(2)(b)(4), 309.04(4)(c)(8).[1]

Rather than make careful determinations under these policies as to whether the materials Plaintiff ordered were appropriate, Plaintiff alleges that Hagan makes blanket denials. *Id.* It appears that Hagan's decision-making is motivated, at least in part, by Plaintiff's sex-offender status and the fact that Plaintiff is currently undergoing sex offender treatment. *See id.* at 4. Despite Plaintiff's repeated complaints to Hagan, other psychological services staff, and supervisory prison officials about the denials, no policy change has been made. *See id.* at 3–4. In fact, Hagan's actions have been approved by Deputy Warden Steven Johnson, in a memorandum he issued

---

[1] Whatever additional review protocols may be imposed through the RCI inmate handbook and the COC procedures, Plaintiff does not describe them.

to Plaintiff on September 16, 2016, by Kemper himself in another memorandum issued to Plaintiff on October 6, 2016. *Id.* at 2–3. Plaintiff's inmate grievance on the matter was also denied at all levels of review, with the examiners citing the fact that Hagan's review is consistent with publication review policies applicable to sex offenders. *Id.* at 4.

Plaintiff raises several claims from these facts. First, Plaintiff believes that Kemper violated his First Amendment free-speech rights by approving Hagan's publication-review decisions, as he feels that he cannot order any materials that will pass Hagan's review. *Id.* Second, Plaintiff alleges that Kemper has imposed on him an enhanced publication review process because he is presently undergoing sex offender treatment but has not yet completed the program. *See id.* This enhanced review is, in Plaintiff's view, not authorized by DOC policy, the RCI inmate handbook, or RCI's COC procedures, and it violates his procedural due-process rights under the Fourteenth Amendment. *Id.* Third, because this enhanced review procedure is applicable only to Plaintiff as an untreated sex offender, and is not applicable even to other general-population sex offenders—*i.e.*, those who are not undergoing treatment—Plaintiff contends it contravenes his right to equal protection of the law as guaranteed by the Fourteenth Amendment. *Id.* Plaintiff prays for injunctive and declaratory relief against future discrimination. *Id.*

The allegations and claims in the amended complaint closely track Plaintiff's original complaint. As a result, the Court finds that Plaintiff should be permitted to proceed on the same claims as discussed in the first screening order. *See* (Docket #4 at 4–9). The Court will not repeat that lengthy analysis here. It suffices to note that, under the narrow exception to Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123

(1908), Plaintiff may proceed against Kemper in his official capacity to enjoin violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 596 (7th Cir. 2002).[2]

For the reasons stated above, Plaintiff will be permitted to proceed on the following claims: (1) interference with Plaintiff's right to freedom of speech and expression arising from denial of access to publications, in violation of the First Amendment, against Defendant Kemper; (2) denial of procedural due process, in violation of the Fourteenth Amendment, against Defendant Kemper; and (3) denial of equal protection of the law, in violation of the Fourteenth Amendment, against Defendant Kemper. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #11) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court,

---

[2]It should be noted that Plaintiff alleges he is being denied any publications, regardless of whether they are sexually explicit in nature. *See* (Docket #9 at 1–2). Thus, this case is not simply about whether a sex offender can receive sexually explicit material; it concerns a broader policy of allegedly enhanced review of publications received by sex offenders undergoing treatment.

Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge